Melissa Calabrese, Pro se
2449 South El Camino Real
San Clemente, CA 92672-3351
T. 949.369.6679
F. 949.369.9674
enviromed@msn.com

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 2 5 2022

CENTRAL DISTRICT OF CALIFORNIA
BY DVE                    DEPUTY

IFP Submitted

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MELISSA CALABRESE,

    Plaintiff,

vs.

THE STATE BAR OF CALIFORNIA

    Defendant

NO: 5:22-cv-00524-JWH-(KKx)

COMPLAINT OF DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, Melissa Calabrese, brings this claim for relief against Defendant STATE BAR OF CALIFORNIA and alleges:

## NATURE OF THIS ACTION

Plaintiff MELISSA CALABRESE brings this action against Defendant STATE BAR OF CALIFORNIA ("STATE BAR"). Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA) Title II. This case derives directly from CACD 5:19-cv-02492-CBM filed 12-27-19.

1

The gravamen of this case is that the State Bar has made illegal extrajudicial decisions, which violate Plaintiff's ADA rights. Plaintiff's due process and equal protection in 5:19-cv-02492-CBM, in this case, and in any future cases of Plaintiff and similarly-situated IFP mentally-incompetent patients is violated by State Bar of CA policies. The final State Bar decision, issued on 03-04-22:

> From: Hernandez, Agustin <Agustin.Hernandez@calbar.ca.gov>
> Sent: Friday, March 4, 2022 4:47 PM
> To: Dorothy Calabrese <enviromed@msn.com>
> Subject: 19-NA-27017
> Dear Dr. Calabrese,
> Pursuant to your email, I have reviewed this matter to determine whether the Cease and Desist Notice that was issued to you on August 12, 2020, was appropriate. Based upon my review of this matter, I find that there is sufficient evidence to support that you engaged in the unauthorized practice of law as set forth in Senior Trial Counsel Jennifer Kishimizu Pinney's Cease and Desist Notice.
> In her Cease and Desist Notice and subsequent correspondence to you, Ms. Kishimizu Pinney provided you with extensive explanations and authority to support her position. I will not repeat them here, but I will refer you to them as well as the court's records and findings that indicate that you were not permitted to represent your daughter. It also appears that you dispute the court's findings. Perhaps these are issues that you need to raise with the court since that is the appropriate forum.
> Based on the foregoing, I agree with Ms. Kishimizu Pinney's findings that there is sufficient evidence to support that you engaged in the unauthorized practice of law and the Cease and Desist Notice will not be rescinded.

Sincerely,
Agustin Hernandez
Supervising Attorney, Office of Chief Trial Counsel
The State Bar of California

The State Bar knows that Plaintiff can never file in Federal Court without ADA required assistance from her mother, Dorothy Calabrese, M.D. The State Bar knows that an unrepresented IFP Plaintiff can make unintentional errors, despite close supervision by the CACD Federal Pro Se Clinic attorneys and such exceptions are always made under the pro-se liberal pleading standard.

Resolving two related federal claims in a single action serves the interests of judicial economy, convenience, and fairness to all parties. However, the State Bar in San Francisco referenced a 60-day statute of limitations to respond. The related ADA case: 5:19-cv-02492-CBM has no operative complaint to which the State Bar can be added as a Defendant <u>timely</u>. So this case had to be filed separate from 5:19-cv-02492-CBM. Case consolidation will be at the discretion of Judge Consuelo B. Marshall at a time she may deem appropriate.

As non-attorneys, neither myself, or Dorothy Calabrese, M.D., my guardian ad litem in 5:19-cv-02492-CBM, understand <u>any</u> of the State Bar's "extensive explanations and authority to support (their) position." At no time does the State Bar state how any IFP mentally-incompetent Plaintiff can ever file an ADA case,

such as 5:19-cv-02492-CBM, under their policies, which exclude appropriate ADA accommodations. There was never the unlicensed practice of law or any other illegal activity. Yet the State Bar of CA, without any notice to us, punitively published this extrajudicial case on their public website: https://www.calbar.ca.gov/Public/Discipline/Nonattorney-Actions/tag/orange-county/acat/2/pager/896251/page/2

The State Bar policies as applied, deny IFP ADA-protected Plaintiff's due process and equal protection. The State Bar has prematurely and prejudicially weighed into our active Federal Court case, presuming that District Court Judge Consuelo B. Marshall and Ninth Circuit Appellate Judges Barry G. Silverman, Morgan B. Christen and Kenneth K. Lee, are incapable of recognizing and stopping the unlicensed practice of law without the State Bar officially overruling them. Without any hearing or due process, the State Bar has affirmed the false allegations of Margaret Cahill, attorney for 5:19-cv-02492-CBM named Defendant Tara Yuan. She filed this Bar complaint intending to gain unfair advantage for Dr. Yuan.

In the context of the ADA, none of the State Bar's claims make any sense or have any legal basis. With respect to 5:19-cv-02492-CBM, the State Bar states: "It **also appears that you dispute the court's findings. Perhaps these are issues**

4

**that you need to raise with the court since that is the appropriate forum."**

What does the State Bar mean? We respect Judge Marshall's decisions to:

- recognize my disability
- recognize my required ADA accommodations
- appoint Dorothy Calabrese, M.D. as my Guardian ad Litem
- seek court-appointed pro bono counsel
- order a Third Amended complaint
- conduct fair, impartial hearings

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331 - Federal question. Plaintiff brings this suit under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1).

## PARTIES

Plaintiff is a resident of Riverside County.

Defendant, the State Bar of California, is a "public entity" for purposes of Title II of the ADA, 42 U.S.C. § 12131(1). The State Bar conducts business throughout the state of California, with a primary office in Los Angeles.

5

## CLAIM FOR RELIEF

As a public entity, Defendant State Bar of CA violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, et seq. which provides that individuals with disabilities may not be "subjected to discrimination by any such entity," Plaintiff is a qualified individual with disabilities within the meaning of the ADA.

## DECLARATORY RELIEF

A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiffs contend that Defendant State Bar of CA violated her rights under Title II of the Americans with Disabilities Act. Plaintiffs are informed and believe, and thereon allege, that Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate. Plaintiffs seek a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF

No plain adequate, or complete, remedy at law is available to Plaintiffs to redress the wrongs addressed herein. Plaintiff seeks injunctive relief, because

Plaintiff is being irreparably harmed and cannot function to even file this case without ADA assistance from Dorothy Calabrese, M.D.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this court:

1. Issue injunctive relief compelling Defendants to reverse their discriminatory policies against Plaintiff

2. Withdraw their adverse website publication.

3. Enjoin Defendant from engaging in the unlawful discrimination complained of herein;

4. Grant all injunctive relief necessary to bring Defendants into compliance with the ADA and California law;

5. Grant declaratory relief;

6. Grant such other and further relief as the court deems just and proper.

_____

Melissa Calabrese

March 25, 2022