UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 5:22-cv-00524-JWH (KK) | Date August 22, 2022 |
| Title *Melissa Calabrese v. State Bar of California* | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER (IN CHAMBERS)**

Before the Court are the following two requests:

- the request of *pro se* Plaintiff Melissa Calabrese for U.S. Marshal service;[1] and

- Calabrese's request for the appointment of *pro bono* counsel.[2]

The Court finds those matters appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support, the Court orders that both of Calabrese's instant requests are **DENIED**, for the reasons set forth herein.

---

[1] Pl.'s Request for IFP Marshal Service (the "Marshal Request") [ECF No. 6].

[2] Pl.'s Request for Appointment of *Pro Bono* Counsel (the "Counsel Request") [ECF No. 4].

## I. BACKGROUND

### A. The Earlier Action

This case arises out of events connected with another civil action, *Melissa Calabrese v. State of California*.[3] In the Earlier Action, Calabrese asserted claims against the State of California, the County of Orange, and three medical providers (the "Earlier Defendants").[4] Through her Earlier Complaint, Calabrese alleges that the Earlier Defendants violated Calabrese's constitutional rights by: (1) administering unsuccessful psychiatric drug trials and electroshock treatments; (2) denying Calabrese certain statutory protections; and (3) abandoning Calabrese to a homeless shelter.[5]

Two issues that arose repeatedly in the Earlier Action were whether Calabrese's mother, Dorothy Calabrese, could serve as Calabrese's guardian *ad litem* and whether the Court should appoint *pro bono* counsel to represent Melissa and Dorothy Calabrese.[6] The court in the Earlier Action ultimately allowed Dorothy[7] to serve as Calabrese's guardian *ad litem*.[8] Dorothy's appointment was contingent on her retaining counsel.[9] The court helped Dorothy to retain counsel, but that counsel withdrew.[10]

---

[3]   Case No. 5:19-cv-02492-CBM-SP (the "Earlier Action") (Marshall, J.).

[4]   *See* Earlier Action, Compl. (the "Earlier Complaint") [ECF No. 2].

[5]   *Id.*

[6]   *See, e.g.*, Earlier Action, Order (the "April 22 Order") [ECF No. 156].

[7]   The Court intends no disrespect to Dorothy by referring to her by her first name.

[8]   April 22 Order 3:13-18.

[9]   *Id.* at 3:16-18.

[10]   *See* Earlier Action, Order Granting Mot. to be Relieved as Counsel [ECF No. 139]. Through her filings in the instant action, Dorothy avers that her *pro bono* attorneys in the Earlier Action withdrew because "their specialty is white collar criminal defense—not ADA cases." *See* Pl.'s Mot. for Reconsideration [ECF No. 15]. That explanation is inconsistent with the explanation that Dorothy's *pro bono* attorneys provided in their motion to withdraw as counsel. *See* Earlier Action, Mot. to Withdraw as Counsel [ECF No. 139] 2:15-27. This Court need not sort out that inconsistency here.

### B. The Instant Action

In the instant action, Calabrese now asserts claims against the State Bar of California.[11] Specifically, in her Complaint, Calabrese alleges that the "State Bar has made illegal extrajudicial decisions, which violate" Calabrese's rights under the Due Process and Equal Protection clauses of the United States Constitution, as well as her statutory rights under the Americans with Disabilities Act.[12]

In short, Calabrese avers that the State Bar discriminated against her by issuing a cease-and-desist letter to Dorothy for engaging in the unauthorized practice of law in connection with the Earlier Action.[13] Accordingly, Calabrese seeks declaratory and injunctive relief against the State Bar.[14]

In April 2022, Magistrate Judge Kato issued two orders in this case: one conditionally granting Calabrese's request to proceed *in forma pauperis*;[15] and a second denying Calabrese's request to appoint Dorothy as her guardian *ad litem*.[16] Those rulings were based upon the fact that neither Calabrese nor Dorothy is represented by counsel.[17] The Court granted Calabrese's request to proceed *in forma pauperis* on the condition that Calabrese retain counsel.[18]

Calabrese subsequently sought reconsideration of the IFP and Guardian *Ad Litem* Orders.[19] Magistrate Judge Kato denied the motions for reconsideration without prejudice because Calabrese "fails to identify any new or changed

---

[11]   *See* Compl. (the "Complaint") [ECF No. 1].

[12]   *Id.* at 2:1-5.

[13]   *Id.* at 2:8-3:11.

[14]   *Id.* at 6:11-7:3.

[15]   Min. Order Granting Pl.'s Request (the "IFP Order") [ECF No. 12].

[16]   Min. Order Denying Pl.'s Request (the "Guardian *Ad Litem* Order") [ECF No. 11].

[17]   *See* IFP Order; Guardian *Ad Litem* Order.

[18]   *See* IFP Order.

[19]   *See* Pl.'s Mot. for Reconsideration of IFP Order [ECF No. 14]; Pl.'s Mot. for Reconsideration of the Guardian *Ad Litem* Order [ECF No. 15].

circumstances regarding whether [Calabrese] or her mother and proposed guardian ad litem, Dorothy Calabrese, are represented by counsel."[20]

## II.  DISCUSSION

### A.  Counsel Request

"As a general proposition, a civil litigant has no right to counsel." *Olson v. Smith*, 609 F. App'x 370, 372 (9th Cir. 2015) (citing *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). "In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). "The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Id.* (quotation omitted). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (quotation omitted).

Here, exceptional circumstances do not exist. The Complaint does not establish that Calabrese has a high likelihood of success.[21] The State Bar told Dorothy to stop practicing law when she was neither an attorney nor a *pro se* litigant. That action seems neither wrongful nor illegal. Accordingly, the Counsel Request is **DENIED**.

### B.  Marshal Request

A plaintiff who has been granted *in forma pauperis* status is entitled to an "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Here, Calabrese has been ***conditionally*** granted *in forma pauperis* status—she may proceed *in forma pauperis* if she retains counsel. But if Calabrese retains counsel, then counsel can attend to service issues. If Calabrese does not retain counsel, then she will not have

---

[20]   *See* Min. Order (the "Reconsideration Order") [ECF No. 20].

[21]   *See* Complaint.

*in forma pauperis* status and she will not be entitled to marshal service. Accordingly, Calabrese's Marshal Request is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Counsel Request is **DENIED**.

2. The Marshal Request is **DENIED**.

**IT IS SO ORDERED.**